IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL E. GARNER,** | ) | Civil Action No. 7:12-cv-00340 |
|     **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE,** | ) | By:   Hon. Michael F. Urbanski |
|     **Respondent.** | ) |         United States District Judge |

Michael E. Garner, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and petitioner replied, making the matter ripe for disposition. After reviewing the record, the court dismisses the petition because petitioner is not entitled to relief.

I.

The Circuit Court of Washington County sentenced petitioner in February 2010 to, inter alia, twenty-two years' imprisonment after a jury convicted him of driving under the influence, driving with a revoked license, and aggravated involuntary manslaughter. Petitioner's counsel noted an appeal, filed a petition for appeal pursuant to Anders v. California, 386 U.S. 738 (1967), a motion for leave to withdraw as counsel, and a motion for an extension of time for petitioner to file a pro se supplemental petition for appeal. The Court of Appeals of Virginia granted petitioner more time to file his supplemental pro se petition, which argued the claims raised in counsel's Anders petition plus nine additional claims. The Court of Appeals of Virginia ultimately determined that the appeal was wholly frivolous, granted counsel's motion to withdraw, and told petitioner he was now proceeding pro se and without the assistance of counsel on any further proceeding or appeal.

Upon petitioner's motion, the Supreme Court of Virginia granted petitioner extensions of time to file a notice of appeal and a petition for appeal but refused to appoint counsel for petitioner. Petitioner timely filed a notice of appeal but failed to file a petition for appeal, and the Supreme Court of Virginia dismissed the appeal and subsequently denied petitioner leave to file a delayed appeal, pursuant to Virginia Code § 19.2-321.2.

Soon thereafter, petitioner filed a state habeas petition with the Supreme Court of Virginia, arguing six claims:

(A) Counsel abandoned petitioner by filing a motion to withdraw as counsel on appeal;
(B) Petitioner did not waive his right to appellate counsel and the appellate courts should have appointed him counsel;
(C) Petitioner had obtained an extension of time to note his appeal from the Supreme Court of Virginia, and he noted his appeal within that time period;
(D) Petitioner was not informed by any court of his "absolute, constitutional right to counsel" on appeal;
(E) Petitioner was denied due process and equal protection under the federal and state constitutions because the Supreme Court of Virginia did not appoint an attorney to represent him "throughout the appeals process"; and
(F) The Supreme Court of Virginia erred by denying petitioner's motion "for leave to pursue a delayed appeal" because petitioner was in a wheelchair and had difficulty accessing the basement law library in the correctional institution where he was incarcerated.

The Supreme Court of Virginia reviewed petitioner's claims and dismissed the petition for a writ of habeas corpus on January 26, 2012. Petitioner timely filed the instant federal petition, arguing the same six claims presented to the Supreme Court of Virginia.

## II.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's

2

adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard.  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."  Id. at 413.

A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id.  This reasonableness standard is an objective one.  Id. at 410.  A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent.  Mitchell v. Esparza, 540 U.S. 12, 16 (2003).  Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Wood v. Allen, 558 U.S. 290, ___, 130 S. Ct. 841, 849 (2010).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'"  Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)).  See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).  Finally,

3

"review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1398 (2011).

### A.

Petitioner argues in claim (A) that counsel abandoned petitioner by filing a motion to withdraw as counsel on appeal, presumably in violation of the Sixth Amendment. A petitioner claiming ineffective assistance of counsel in violation of the Sixth Amendment must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[1] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

The Supreme Court of Virginia's dismissal of claim (A) did not violate federal law. Counsel satisfied the Sixth Amendment by filing an Anders petition and seeking permission to withdraw from representation of a "wholly frivolous" appeal. See Anders, 386 U.S. at 741-42

---

[1] If a petitioner has not satisfied one prong of the Strickland test, a court does not need to inquire whether he has satisfied the other prong. Id. at 697. "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

(discussing procedural requirements for counsel to properly seek withdrawal from a frivolous appeal without violating the Sixth Amendment). Accordingly, petitioner fails to identify counsel's deficient performance, and this claim must be dismissed.

### B.

Petitioner's claims (B), (D), and (E) all relate to Virginia's appellate courts not appointing counsel to aid an appeal to the Supreme Court of Virginia.[2] The Supreme Court of Virginia's dismissal of these claims did not violate federal law. "[A]n indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of 'a fair opportunity' to bring his appeal, for fairness does not require either counsel or a full appeal once it is properly determined that an appeal is frivolous." Smith v. Robbins, 528 U.S. 259, 278 (2000). Because the Court of Appeals of Virginia determined petitioner's appeal was wholly frivolous, petitioner was no longer entitled to counsel and could proceed only pro se. Furthermore, petitioner was entitled to the assistance of counsel in a first appeal of right but was not entitled to counsel on a second or discretionary appeal. Evitts v. Lucey, 469 U.S. 387, 396 (1985). Unlike petitioner's appeal of right to the Court of Appeals of Virginia, his appeal to the Supreme Court of Virginia was a discretionary, second-level appeal. See VA. CODE §§ 17.1-406, 17.1-411. Thus, petitioner received all the equal protection and due process afforded by the United States Constitution, and claims (B), (D), and (E) must be dismissed.

---

[2] Respondent argues that claims (B), (D), (E), and (F) should be considered procedurally defaulted due to the holding in Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974). A federal court may enforce a procedural default if the state court explicitly relies on the procedural ground to deny petitioner relief and that state procedural rule is an independent and adequate state ground for denying relief. Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). However, the Supreme Court of Virginia did not explicitly find claims (B), (D), (E), and (F) procedurally defaulted under Slayton, and thus, the court similarly does not find these claims procedurally defaulted under Slayton.

## C.

Petitioner complains in claim (C) that he obtained an extension of time to note his appeal from the Supreme Court of Virginia, noted the appeal within that time period, and yet the Supreme Court of Virginia dismissed the appeal.  Petitioner complains in claim (F) that the Supreme Court of Virginia erred by denying petitioner's motion for leave to pursue a delayed appeal.  The Supreme Court of Virginia dismissed both claims.

In order to perfect an appeal from the Court of Appeals of Virginia, the Rules of the Supreme Court of Virginia required petitioner to note an appeal with the Court of Appeals of Virginia and to file a petition for appeal with the Supreme Court of Virginia.  Va. Sup. Ct. R. 5:14 (a), 5:17.  Petitioner did not timely file a petition for appeal per state law.  Furthermore, petitioner did not qualify for a delayed appeal, pursuant to Virginia Code § 19.2-321.2(D), because he was proceeding pro se when he failed to perfect an appeal.

"Matters of state law which do not implicate federal constitutional protections are not cognizable under § 2254."  Inge v. Procunier, 758 F.2d 1010, 1014 (1985).  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that it is not the province of federal habeas to reexamine state law decision on state law questions).  The Supreme Court of Virginia's dismissal of claims (C) and (F) pursuant to state procedural laws is not reviewable under § 2254(a), and claims (C) and (F) must be dismissed.

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus.  Based upon the court's finding that petitioner has not

made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

Entered: December 26, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge